SECURITY DISCOUNT ASSOCIATES, INC., Respondent, *v.* GEORGE I. WEISSBAUM, Individually and Doing Business under the Name of PORTLAND EQUIPMENT COMPANY, Appellant; JEF CONTRACTING CO., INC., Respondent, and JOSEPH RICHTER, as Referee, Respondent.

*Per Curiam.* Appellant consented to a trial by the court without a jury in which legal and equitable relief was sought. After seven full days of trial, the court denied equitable relief but granted an interlocutory judgment in plaintiff's favor and in favor of defendant-respondent for breach of contract, and ordered a reference to hear and report on the question of damages. Appel-

lant's contention that, since there was in fact no basis for equitable relief, he was deprived of his constitutional right to a trial by jury is without merit. At the outset of the trial he could have applied for an order to frame issues for a jury. He made no such application. Instead he actively participated in the trial, even to the extent of seeking to recover money damages on his cross claim for breach of contract asserted in his answer, against defendant Jef Contracting Co., Inc. Accordingly, appellant either should be deemed to have waived, or should be estopped from asserting, his right to a trial by jury. (*Elmira Sav. & Loan Assn.* v. *Spring,* 261 App. Div. 1034, affd. 287 N. Y. 591; *Fout* v. *Wolfe,* 231 App. Div. 11.)

In *Lally* v. *Cronen* (220 App. Div. 253, revd. on other grounds 247 N. Y. 58) somewhat similar circumstances prompted the court (2d dept.) to say, at page 257: "The appellant appeals from an order denying her motion to frame issues for trial by jury. But this application was made and was denied in February, 1925. No order was entered. No appeal was taken. The case came regularly on for trial at Special Term in October, 1925. No request was made to the trial justice for a jury trial; no objection was made to proceeding with the trial at the Special Term. It was not until after the trial, which occupied three days, and after the decision and judgment had gone against the defendant, that an order was entered upon the denial of the motion to frame issues, and an appeal was then taken. We think, under the circumstances, the defendant should not be allowed to proceed with the trial and gamble on the decision in this way."

Further, subdivision 4 of section 426 of the Civil Practice Act specifically provides: "A party may waive his right to the trial of the issue of fact by a jury, in any of the following modes: * * * 4. By moving the trial of the action, without a jury, or, if the adverse party so moves it, by failing to claim a trial by a jury, before the production of any evidence upon the trial."

In the circumstances of this case, appellant's actual participation in the trial in equity without making any application to frame issues for a jury constituted a complete waiver of his right to a trial by jury. Any question of the correctness of the quantum of the damages is not now before us.

The interlocutory judgment should be affirmed, with costs.

Peck, P. J., Dore, Cohn, Bastow and Botein, JJ., concur.

Judgment unanimously affirmed, with costs.