█    In the Matter of the Claim of Julius Stratta, Respondent, v. North American Cement Corp. et al., Appellants, and Penn-Dixie Cement Corp., Respondent. Workmen's Compensation Board, Respondent.—Appeal from decisions of the Workmen's Compensation Board, dated and filed in its office on December 17, 1971, June 9, 1972, and October 16, 1972, which established an equal liability between the State Insurance Fund and Penn-Dixie Cement Corporation, self-insured, for claimant Julius Stratta's causally related occupational loss of hearing. The facts briefly are these. Claimant worked as a quarry shovel operator from 1931 to 1967 for three successive employers, to wit: North American Cement Corp., Marquette Cement Manufacturing Corp., and,

for only the final three years of the period, Penn-Dixie Cement Corp. It is uncontested that his loss of hearing developed during this time and that it is an occupational disease, causally related to his work. After a hearing, the board made such a finding on June 8, 1961, based upon, *inter alia,* an employer's report of injury filed by Marquette, indicating the hearing loss, and notice of no controversy filed by the State Insurance Fund, insurance carrier for North American and Marquette, and a concession by a representative of the State Insurance Fund at the hearing that " we really have no basis to contest " the claim. No date of disablement or award was established for the claimant at this time, other than the carrier's responsibility for medical bills, as claimant continued in Marquette's employ (Workmen's Compensation Law, § 49-bb). It was not until 1964, three years after this finding, that Penn-Dixie acquired the physical assets of Marquette's plant, and, under the terms of the purchase agreement, assumed obligations to retain the same personnel pursuant to the union contract. Subsequently, when the claimant terminated his employment with Penn-Dixie, his date of disablement was set and the amount of his award determined. The central issue to be decided on this appeal is whether the State Insurance Fund should be absolved of any liability for the payment of claimant's award or should share the responsibility with Penn-Dixie. Appellants contend that Penn-Dixie's admitted failure to follow the procedural dictates of section 49-ee of the Workmen's Compensation Law mandates freeing the State Insurance Fund from any liability. We disagree. While section 49-ee was held to create an absolute test in *Matter of Bennett* v. *Poirier & McLane* (35 A D 2d 1045), we find that that case is not controlling in the factual situation here. The claim here involves peculiar circumstances. Claimant's prior employers, along with their insurance carrier, had actual complete knowledge of his injury when Penn-Dixie assumed operation of the plant. Indeed, the State Insurance Fund had already been adjudged liable on the claim in 1961 and the determination of the amount of claimant's award only awaited the termination of his employment. Thus, any notice of the injury to appellants from Penn-Dixie would have been duplicative. " Knowledge * * * is the equivalent of notice " (*Lally* v. *Cronen,* 247 N. Y. 58, 64, revg. 220 App. Div. 253, 221 App. Div. 751), and one who is entitled to notice of a fact will be bound by acquiring knowledge of it (42 N. Y. Jur., Notice and Notices, § 1). Furthermore, this is not the usual case where a man changes jobs and his prior employer obviously needs the notice protection which section 49-ee was meant to provide. Here there was merely a change in ownership and claimant continued in the same job. In fact, pursuant to its purchase agreement with Marquette, Penn-Dixie was required to keep the claimant in its employ. Thus, we hold that Penn-Dixie's failure to notify appellants of claimant's loss of hearing does not relieve the State Insurance Fund of liability therefor. To rule otherwise would frustrate the manifest underlying legislative purpose of section 49-ee which seeks to impose liability where there is knowledge of such injury. (Cf. *Matter of Petterson* v. *Daystrom Corp.,* 17 N Y 2d 32.) Likewise, we affirm the board's division of liability. The time that a claimant is exposed in each employment is a proper method of apportioning liability (*Matter of Doherty* v. *Grow Constr. Co.,* 14 A D 2d 957), and where the claimant worked for only three of his 36 years as a quarry shovel operator for Penn-Dixie, appellants certainly have no complaint with an equal division of liability. Decision affirmed, with costs to the Workmen's Compensation Board. Greenblott, Main and Reynolds, JJ., concur; Herlihy, P. J., and Cooke, J., dissent and vote to reverse in the following memorandum by Cooke, J. Cooke, J. (dissenting). We dissent and vote for reversal and a remittal of the matter to the Workmen's Compensation Board for further proceedings. The Workmen's Com-

pensation Law was amended by chapter 974 of the Laws of 1958, effective July 1, 1958, by adding thereto article 3-A, entitled "Occupational Loss of Hearing" and subsequently found to be constitutional (*Matter of Gormeley v. New York Daily News*, 30 A D 2d 16, 19, affd. 24 N Y 2d 867), Section 49-aa thereof, entitled "Declaration of purpose", states: "The compensability of claims for loss of hearing resulting from exposure to industrial noise has created a problem in this state which is a matter of grave concern to the legislature. The legislature, therefore, finds and declares that the public interest can best be served by providing that compensation for occupational loss of hearing shall be paid *only* as provided in this article and subject to the conditions and limitations hereinafter set forth." (Emphasis supplied.) Section 49-bb provides that compensation for occupational loss of hearing shall become due and payable six months after separation from work for the last employer in whose employment the employee was at any time during such employment exposed to harmful noise, that the last day of such period of separation from work shall be the date of disablement and that such disablement shall be treated as the happening of an accident. Under article 3-A, the board has no discretion as to the date of disablement (*Matter of Di Matteo v. Duche & Son*, 33 A D 2d 1089, 1090). Only after such removal of the employee from harmful exposure and after such disablement may there be determined any issues as to the liability for contribution, if any, of the prior employer or employers who were given notice by the last employer as provided in the statute, and the amount of contribution, if any, to be paid by such prior employer or employers, and the liability, if any, of the last employer and the amount of compensation, if any, to be paid by such last employer (Workmen's Compensation Law, § 49-ee, subd. 3; 65 N. Y. Jur., Workmen's Compensation Law, § 278). The last employer in whose employment the employee was exposed to harmful noise is liable for the payment of the total compensation due the employee for his loss of hearing caused by all of his employments in which he was exposed to harmful noise, except as the statute otherwise provides by setting a time limit on such liability (see Workmen's Compensation Law, §§ 28, 40, 49-ee, subd. 2), and by making provisions for contribution from other employers where a preplacement examination is given (Workmen's Compensation Law, § 49-ee; 65 N. Y. Jur., Workmen's Compensation Law, § 258). Subdivision 2 of section 49-ee of the Workmen's Compensation Law contains terms for a preplacement examination of an employee by an employer and for notice to a prior employer or employers of the result of such examination. The language of section 49-ee is clear and unambiguous (cf. *Matter of Witucki v. American Mach. & Foundry Co.*, 24 A D 2d 1033, 1034, app. dsmd. 17 N Y 2d 723), and there is no right to reimbursement in favor of the last employer if he does not give the employee a preplacement examination or does not give the required notice (Workmen's Compensation Law, § 49-ee, subd. 3; 65 N. Y. Jur., Workmen's Compensation Law, § 259). The board has found Penn-Dixie Cement Corp. the last employer and a self-insured, and the State Insurance Fund, the carrier for two previous employers, equally liable, but such a finding is not supported by substantial evidence and emphasizes the wisdom of the Legislature in requiring preplacement examinations as a condition to reimbursement (see *Matter of Gormeley v. New York Daily News, supra*). This court decided, as recently as 1970, that section 49-ee of the Workmen's Compensation Law has created an absolute test, one that is not within the board's discretion (*Matter of Bennett v. Poirier & McLane*, 35 A D 2d 1045; see, also, *Matter of Raskoff v. Long Is. Daily Press*, 38 A D 2d 644). To weaken the statute will invite a return of problems article 3-A was intended to avoid.