■ In the Matter of the Claim of METRO RUSHNEK, Respondent, v FORD MOTOR COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed May 28, 1980 and amended December 19, 1980, which held that the employer was responsible for claimant's entire hearing loss. Claimant was employed by the Ford Motor Company in 1953. A pre-employment audiogram was administered on July 15, 1953 at the direction of the employer and it disclosed a hearing loss

equivalent to a 13% binaural loss of hearing. On February 1, 1974, claimant retired from his employment at Ford and a subsequent audiometric examination revealed a 23.2% binaural loss of hearing. Thereafter, and on February 26, 1976, claimant filed a claim for benefits under the Workers' Compensation Law alleging that his hearing loss was due to exposure to high noise levels at the Ford plant. On May 8, 1977, a referee determined that claimant was entitled to an award for his hearing loss to be paid, in total, by his last employer, Ford Motor Company, pursuant to article 3-A of the Workers' Compensation Law. The board affirmed and this appeal ensued. At issue is whether Ford should be responsible for that portion of claimant's hearing loss which existed prior to his entry into employment with Ford in 1953. Resolution of this issue, in turn, requires consideration and application of the relevant provisions of the occupational loss of hearing provisions of the Workers' Compensation Law (Workers' Compensation Law, § 49-aa *et seq.*) which became effective on July 1, 1958. In relevant part, those sections provide: "1. The last employer in whose employment the employee was exposed to harmful noise shall, except as herein provided, *be liable for the payment of the total compensation due the employee for his loss of hearing caused by all of his employments* in which he was exposed to harmful noise and the employee shall not be required to give notice to, or to file any claim against, any of his prior employers in whose employment he was exposed to harmful noise. 2. If an employer makes a pre-placement examination which shows that the employee has a pre-existing loss of hearing *which may be due to a prior employment or employments in which he was exposed to harmful noise,* such employer shall promptly, and in any event within ninety days after such pre-placement examination, give notice to the prior employer or employers in writing of the result of such pre-placement examination. Such notice shall advise the prior employer or employers that they may be required, if a claim is filed and an award to the employee is subsequently made, *to reimburse the succeeding employer for that portion of the award which was due to the loss caused by their prior employment,* provided, however, that no liability shall attach to any prior employer in whose employment the last preceding harmful exposure shall have occurred *more than three years prior to the date of mailing such notice* to the prior employer or employers" (Workers' Compensation Law, § 49-ee; emphasis added). "Notwithstanding any other inconsistent provisions of this chapter compensation for occupational loss of hearing shall become due and payable six months after separation from work for the last employer in whose employment the employee was at any time during such employment exposed to harmful noise, and the last day of such period of separation from work shall be the date of disablement. Such disablement shall be treated as the happening of an accident within the meaning of this chapter and the procedure and practice provided in the chapter shall apply to all proceedings as set forth in this article except where specifically otherwise provided herein" (Workers' Compensation Law, § 49-bb). It is obvious that in 1958, when these statutes were promulgated, it was already impossible for the Ford Motor Company to comply with the required notice provisions. Accordingly, the employer argues that the statutes should not be applied in this case. In addition, it contends that to allow benefits as sustained by the board would result in the retroactive application of section 49-ee of the Workers' Compensation Law, which is seemingly impermissible (see *Matter of McGoldrick v New York Post,* 20 AD2d 595). Regardless of the efficacy of such an argument, the clear language of the statute fixes the date of disablement, and thus the date of the accident, at six months after claimant has been separated from employment (Workers' Compensation Law, § 49-bb; *Matter of Murgalo v New York Daily News,* 57 AD2d 978). Thus

claimant's date of disablement is August, 1974, and that is the date on which his claim accrued. Accordingly, since his disability occurred in 1974, section 49-ee of the Workers' Compensation Law is applicable. Under subdivision 1 of this section, the last employer is liable for claimant's "loss of hearing *caused by all of his employments*" (emphasis added) unless, under ordinary circumstances, the exception provided by this section is applicable. That exception (Workers' Compensation Law, § 49-ee, subd 2) applies when, among other things, there is a pre-existing hearing loss "which may be due to a prior employment or employments in which [claimant] was exposed to harmful noise". In this case, there is no evidence that claimant's pre-existing 13% hearing loss was occupational in nature. Therefore, the matter should be resubmitted to develop facts upon this issue. We also note, with respect to the exception contained in subdivision 2 of section 49-ee, that simple justice and fairness dictate that if the benefits of a statute are to inure to claimant, they should also inure to the employer. Such was the intent of the Legislature when it promulgated article 3-A of the Workers' Compensation Law (see 1953 Report of Committee of Consultants on Occupational Loss of Hearing). Since unusual and peculiar circumstances are presented, the court may dispense with formal notice requirements (see *Matter of Stratta v North Amer. Cement Corp.*, 42 AD2d 884, affd 34 NY2d 783). Accordingly, if it be found that the pre-existing loss was employment related, claimant would be entitled to the award for his entire hearing loss to be paid by Ford Motor Company, the last employer, and said employer should then be permitted to employ the reimbursement procedures now available to any employer complying with the provisions of the statute (Workers' Compensation Law, § 49-ee, subd 2). Decision reversed, without costs, and matter remitted to Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Yesawich, Jr., and Weiss, JJ., concur.