OPINION OF THE COURT
Ira Gammerman, J.
In this action seeking to impose a constructive trust on real property, plaintiff demanded a jury. Defendant moved to strike that demand alleging that the action was solely equitable in nature. On May 6, 1982, that motion was denied by Mr. Justice Klein in a decision in which he held that inasmuch as the complaint contained causes of action which were both legal and equitable in nature, plaintiff was entitled to a jury trial.* It is not clear from Mr. Justice Klein’s decision whether he meant that the plaintiff was entitled to a jury trial on all issues both legal and equitable, or solely on those issues which were legal, leaving to the court the trial of the equitable issues.
No appeal was taken from that decision and the matter came on for trial before me on March 19, 1984. The case was tried with a jury which returned a verdict in favor of the defendant.
*1018 Plaintiff now moves to set aside that verdict as against the weight of the credible evidence (if it is not to be regarded as an advisory verdict) or in the alternative to have the court substitute its decision for that of the jury.
There is no question but that Mr. Justice Klein’s decision is the law of the case. If by that decision, Mr. Justice Klein ruled that the plaintiff was entitled to a jury trial on all issues, the jury’s verdict should not be set aside as against the weight of the credible evidence. Sharply conflicting testimony was presented concerning the circumstances under which the defendant acquired title to the real property in question and with respect to statements made by the defendant and plaintiff subsequent to that acquisition. Although the court, were it the trier of fact, might have accepted the plaintiff’s version as more persuasive it would not be appropriate for the court to substitute its judgment on issues of fact for that of the jury.
If in his decision, Mr. Justice Klein merely ruled that the plaintiff was entitled to a jury trial on only those issues raised by the legal causes of action, it is the view of the court that plaintiff is now estopped from asserting a claim that the jury verdict is merely advisory. In demanding a jury trial, plaintiff adopted and asserted the position that she was entitled to have a jury resolve all of the issues raised between the parties. In opposing defendant’s motion to strike the jury trial demand, she continued to maintain that position. She was successful in obtaining a favorable ruling from the court in May of 1982 and may not, now, merely because the jury decided against her, assume a contrary position, certainly one that will prejudice the defendant. (Chemical Bank v Aetna Ins. Co., 99 Misc 2d 803.)
In Security Discount Assoc. v Weissbaum (283 App Div 920), the court was faced with an analogous situation. In that action, seeking both equitable and legal relief, defendant consented to and participated in a trial by the court. The court concluded that there was no basis for equitable relief but found, in part, in favor of the plaintiff on the legal cause of action. At that point, defendant for the first time raised a claim of a constitutional right to a jury trial., The court held that he was estopped from asserting that position.
*1019 Here, plaintiff initially demanded a jury trial, successfully resisted a motion to strike that demand, participated fully in a trial before the jury and, only after having lost, now claims that she was in reality never entitled to such trial. Plaintiff cannot now change her position. Her motion is, therefore, denied.

 It is my view that when a plaintiff institutes an action containing both legal and equitable claims, he waives the right to a jury trial on all issues. (Panarella v Penthouse Int., 64 AD2d 545; Kenford Co. v County of Erie, 38 AD2d 781.) It is the defendant who does not lose the right to a jury trial on the legal issues raised by the complaint in such circumstances. (Heller v Hacken, 40 AD2d 1012; Vinlis Constr. Co. v Roreck, 23 AD2d 895.)