■ GOTTESMAN BUSINESS BROKERS, INC., Appellant, v GOLDMAN FIRE PREVENTION CORP. et al., Respondents. [656 NYS2d 610] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered January 23, 1996, dismissing the complaint, and bringing up for review prior orders, entered August 8, 1994 and December 21, 1995, which, in an action to recover a broker's commission for the sale of a business, referred a fact issue raised in defendants' motion for summary judgment to a Special Referee to hear and report, confirmed the Special Referee's report recommending that the fact issue be resolved in favor of defendants, and granted defendants' motion for summary judgment, unanimously affirmed, without costs. The appeal from the orders are unanimously dismissed as superseded by the appeal from the judgment.

We agree with plaintiff broker that the fact issue referred to the Special Referee—whether defendant sellers had contacts with the buyer during the exclusive period of the parties' brokerage agreement—does not relate to any of the grounds enumerated in CPLR 3211 (a), and therefore should not have been immediately tried pursuant to CPLR 3212 (c), whether before a Special Referee or otherwise (see, Marshall, Bratter, Greene, Allison & Tucker v Mechner, 53 AD2d 537). Nevertheless, we affirm, plaintiff having waived its right to challenge the immediate trial by not moving for reargument of or taking an appeal from the order directing an immediate trial until after the fact finder, in this case a Special Referee, made adverse findings. An order of reference is appealable (General Elec. Co. v Rabin, 177 AD2d 354, 356-357). Plaintiff should not be able to have participated fully in the Special Referee's hearing, without registering an objection thereto, apparently hoping to obtain a favorable recommendation, and then objecting when the Special Referee did not see the facts as hoped (cf., Security Discount Assocs. v Weissbaum, 283 App Div 920; Matter of Jorgeson v Acme Elec. Corp., 51 AD2d 1084). We have reviewed plaintiff's argument that the issue as to whether it was the procuring cause of the sale was improperly resolved against it by the court on defendants' original motion for summary judgment, and find the contention to be without merit (see, Di Sabato v Soffes, 9 AD2d 297, 301; Ackerman v Dobbs, 181 AD2d 704). Concur—Rosenberger, J. P., Rubin, Williams and Tom, JJ.