*898 OPINION OF THE COURT
Per Curiam.
Order dated September 13, 1996 affirmed, with $25 costs.
Evidence at trial established that tenant has resided in the storefront premises of the multiple dwelling since 1979. The premises were equipped with a loft bed, kitchen and bathroom facilities when he commenced occupancy. Tenant originally lived in the entire space for three years and then began to utilize the front half for his copy shop business. While tenant signed a series of commercial leases limiting use of the premises “for printing and photo copiers”, the phrase “and for no other purpose” was deleted and initialed in the last lease. Landlord failed to produce a witness with personal knowledge to contest the duration and character of tenant’s occupancy.
We have previously held in similar cases that a landlord’s acquiescence in a long-term mixed use of living/working space implicates the protections of the Emergency Tenant Protection Act of 1974 (Ten Be Or Not Ten Be v Dibbs, NYLJ, June 12, 1985, at 11, col 1 [App Term, 1st Dept], affd, 117 AD2d 1028; West Side Equities v Cerigo, NYLJ, June 17, 1993, at 24, col 1; cf., 129 E. 56th St. Corp. v Harrison, 122 Misc 2d 799; see generally, Matter of Zeitlin v New York City Conciliation & Appeals Bd., 46 NY2d 992). Accordingly, the holdover petition based solely upon allegations of commercial use was properly dismissed.
McCooe, J. P., Freedman and Davis, JJ., concur.