(January 19, 1999)

■ Jane M. W. Panchookian, Appellant, v Dennis Huculiak, Also Known as Dennis Michael and as Dennis St. John, Respondent. [682 NYS2d 841] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about September 26, 1997, which granted defendant's motion to vacate a default judgment to the extent of permitting him to defend the action on the merits, unanimously affirmed, without costs.

Defendant's motion for vacatur of a default judgment entered against him, made less than one year after the date of the judgment, was timely (CPLR 5015 [a]), and, as the record substantiates defendant's contention, and the motion court's finding, that defendant has a possibly meritorious defense to the action and a reasonable excuse for his default, the grant of the motion to the extent indicated was proper (*see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138, 141; *Frenchy's Bar & Grill v United Intl. Ins. Co.*, 251 AD2d 177; *Hunter v Enquirer/Star, Inc.*, 210 AD2d 32). Concur—Sullivan, J. P., Lerner, Rubin and Tom, JJ.

■ U.B.O. Realty Corp., Appellant, v Santo Mollica, Respondent. [683 NYS2d 532] —Order of the Appellate Term of the Supreme Court, First Department (McCooe, J. P., Freedman and Davis, JJ.), entered December 15, 1997, which, in a holdover proceeding, affirmed an order of the Civil Court, New York County (Leona Freedman, J.), entered on or about September 13, 1996, dismissing the proceeding after trial, unanimously affirmed, with costs.

Despite the commercial nature of the leases, the finding that petitioner landlord knew of or acquiesced in respondent tenant's residential use of these store front premises has sufficient support in the record and, accordingly, the petition was properly dismissed (*see, Ten Be Or Not Ten Be v Dibbs*, NYLJ, June 12, 1985, at 11, col 4, *affd* 117 AD2d 1028; *West Side Equities v Cerigo*, NYLJ, June 17, 1993, at 24, col 1). We note the premises were already equipped for residential use when respondent moved in, the length and character of respondent's residential tenancy, and the deletion from the last lease, at respondent's request, of the phrase "and for no other purpose" from the provision limiting use of the premises to a copy shop. Concur—Sullivan, J. P., Lerner, Rubin and Tom, JJ. [*See*, 175 Misc 2d 897.]