■ In the Matter of the Claim of LEONARD LASH, Respondent, v GENERAL MOTORS CORPORATION, Appellant, and AMERI-

---

2. There is no statement of net worth from either party in the record.

CAN AXLE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [728 NYS2d 814] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed June 12, 2000, which ruled that claimant's award for occupational hearing loss is to be apportioned between General Motors Corporation and American Axle.

Claimant, an electrician, worked for General Motors Corporation for approximately 31 years. On March 1, 1994, American Axel acquired certain of General Motors' assets and plants and, as such, claimant became an employee of American Axle. Approximately one month later, certain of General Motors' employees, who had been retained to staff the plant's medical department until March 1996, arranged to have hearing tests conducted on all employees, including claimant. A summary of employees who had sustained a hearing loss thereafter was forwarded to the assistant personnel director in General Motors' regional office. Claimant was one of the employees noted on the hearing impairment summary.

Thereafter, in September 1994, claimant filed a claim for workers' compensation benefits for occupational hearing loss based upon exposure to excessive noise. Ultimately, a panel of the Workers' Compensation Board found that General Motors had actual notice of claimant's preexisting hearing loss and, in accordance with this Court's decision in *Matter of Stratta v North Am. Cement Corp.* (42 AD2d 884, *affd* 34 NY2d 783), American Axle's failure to comply with the notice provisions set forth in Workers' Compensation Law § 49-ee did not preclude apportionment of the underlying claim. This appeal by General Motors ensued.

We affirm. Workers' Compensation Law § 49-ee (1) provides, in relevant part, as follows: "The last employer in whose employment the employee was exposed to harmful noise shall, except as herein provided, be liable for the payment of the total compensation due the employee for his loss of hearing caused by all of his employments in which he was exposed to harmful noise." Under such provision, the employee is not required to give notice to, or file a claim against, any of his or her former employers (*see, id.*). If the last employer wishes to apportion a potential claim, it must, *inter alia*, conduct a preplacement examination and, if a preexisting hearing loss is noted, advise the claimant's former employer(s) of such results within 90 days of the preplacement examination (*see*, Workers' Compensation Law § 49-ee [2]).

As there is no question that American Axle did not follow the statutory procedures and provide General Motors with the

notice mandated by Workers' Compensation Law § 49-ee (2), the issue distills to whether, in light of our prior decision in *Matter of Stratta v North Am. Cement Corp. (supra)*, General Motors' actual knowledge of claimant's preexisting hearing loss is sufficient to satisfy the statutory notice requirements and permit apportionment. Although admittedly stemming from a slightly different fact pattern, the general principles expressed in *Stratta* apply with equal force to the matter now before us. " 'Knowledge * * * is the equivalent of notice' * * * and one who is entitled to notice of a fact will be bound by acquiring knowledge of it" (*id.*, at 885, quoting *Lally v Cronen*, 247 NY 58, 64 [citation omitted]). Here, the record reflects that as early as August 1991, General Motors was in possession of records documenting that claimant had suffered a hearing loss. Such information, coupled with claimant's subsequent hearing test results (a notation made following claimant's September 1993 test indicates that claimant was advised to see an ear specialist), is more than sufficient to demonstrate that General Motors had actual complete knowledge (*see, Matter of Stratta v North Am. Cement Corp., supra*) of claimant's hearing loss prior to American Axle's acquisition of the subject plant. Through this actual knowledge, General Motors received the equivalent of the notice protection afforded by Workers' Compensation Law § 49-ee (2) and, as such, American Axle's failure to comply with the statutory notice requirements is not a bar to apportionment.

Cardona, P. J., Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.