■ HEXCEL CORPORATION, Respondent, v HERCULES INCORPORATED, Appellant. [737 NYS2d 349] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered June 1, 2001, which, upon the prior grant of plaintiff's motion to confirm the report of the Special Referee, awarded plaintiff the principal sum of $7,333,902, plus interest, costs and disbursements, unanimously affirmed, without costs.

The report of the Special Referee was properly confirmed. Contrary to defendant's argument, plaintiff's notice of claim was both timely and in compliance with the parties' agreement. Nor is there merit to defendant's attack upon the substance of the claims against it. The subject agreement provided a process by which the parties could assert claims against each other pursuant to which a party with actual knowledge of a claim to be asserted against the other party was required to send a notice of claim to the other party "with reasonable information and details" within 90 days, and the recipient of the notice of claim thereafter had 90 days to submit an objection, but in the absence of an objection, the nonobjecting party "shall be conclusively deemed to have agreed to the matters set forth in" the notice of claim. It is undisputed that defendant, despite duly receiving plaintiff's notice, failed to object thereto within

the requisite 90 days and must, therefore, be deemed to have accepted the matters specified in the subject notice. The evidence introduced at the inquest supported the finding by the Special Referee that plaintiff was entitled to a payment of $3.94 million in liquidated damages on the first claim and another $3,393,902 on the second claim.

Also unavailing is defendant's argument that plaintiff's recovery is subject to a $2 million deductible. Defendant, by not raising its claim of a $2 million deductible before the Special Referee, has waived the claim. But even if the claim were preserved for our review, we would find it to be without merit since the provision for a deductible contained in the parties' contract is not applicable to the situation here presented. Moreover, even assuming that the court did not, when it granted plaintiff's motion for summary judgment as to liability, decide the matter of a deductible or refer it to an inquest but, as defendant contends, merely held it in abeyance, defendant waived any argument of improper reference by proceeding to an inquest without objection as to its scope or terms (*see, Gottesman Bus. Brokers v Goldman Fire Prevention Corp.*, 238 AD2d 250). Concur—Williams, J.P., Andrias, Rosenberger and Buckley, JJ.