■ In the Matter of the Claim of VINCENT J. NOTO, Respondent, v FORD MOTOR COMPANY, Appellant, and STATE INSURANCE FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [754 NYS2d 691] —Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed June 20,

2001, which held that the employer was responsible for claimant's entire hearing loss.

Prior to retiring in 1999, claimant worked as a welder in the self-insured employer's plant for approximately 26 years. In August 2000, claimant underwent a hearing examination and ultimately was found to have sustained a 30.6% binaural loss of hearing based upon his exposure to high levels of noise during his employment. A Workers' Compensation Board panel subsequently concluded that the employer was responsible for claimant's entire hearing loss, and the employer now appeals contending that a portion of claimant's disability is attributable to his previous employer, Growers & Packers Cooperative & Canning Company, a vegetable canning business where claimant worked as a welder during the six to seven years immediately preceding his hiring by the employer in 1973.*

We affirm. Workers' Compensation Law § 49-ee (1) provides, in relevant part, that "[t]he last employer in whose employment the employee was exposed to harmful noise shall * * * be liable for the payment of the total compensation due the employee for his loss of hearing caused by all of his employments in which he was exposed to harmful noise." In the event that the last employer wishes to apportion a potential claim, it must, inter alia, administer a preplacement examination and, if a preexisting hearing loss is documented, notify the claimant's former employer(s) of such results within 90 days of the examination (see Workers' Compensation Law § 49-ee [2]; see also Matter of Lash v General Motors Corp., 285 AD2d 917, 918, lv denied 97 NY2d 606).

Although the employer here indeed conducted a preplacement hearing examination of claimant and provided timely notice of the documented hearing loss to Growers & Packers, it offered little evidence to support its claim that the demonstrated loss was occupational in nature and attributable to such prior employment. In this regard, the employer primarily relies upon an ambiguous notation on claimant's preplacement audiogram with respect to "noise from running machinery" and reference to claimant's prior employment with Growers & Packers. While the Board plainly could have credited such evidence in an attempt to establish a causal link between claimant's preexisting hearing loss and his work as a welder for Growers & Packers, it elected instead to credit claimant's testimony, wherein he stated that he was not exposed to a high level of noise during such employment. As there is substantial

---

* Although Growers & Packers no longer is in business, the State Insurance Fund continues to be liable as its insurance carrier.

evidence to support the Board's findings, we will not disturb the underlying decision, despite the existence of other proof that could support a contrary conclusion. The employer's remaining contentions, including its assertion that this matter should be restored to the trial calendar to permit further development of the record, have been examined and found to be lacking in merit.

Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.