■ In the Matter of the Claim of JAMES R. WOODRUFF, Claimant, v GOULDS PUMPS/ITT INDUSTRIES, INC., et al., Appellants, and ACE AMERICAN INSURANCE COMPANY c/o ACE USA, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [796 NYS2d 184]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed March 19, 2004, which ruled that claimant's award for occupational hearing loss is to be apportioned between Utica Mutual Insurance Company and ACE American Insurance Company.

Claimant began working in a foundry operated by Goulds Pumps in April 1965. In May 1997, ITT Industries, Inc. acquired certain assets from Goulds Pumps, and claimant became an employee of Goulds Pumps/ITT Industries, Inc. (hereinafter the employer) until his retirement in February 2001. Prior to the acquisition, Utica Mutual Insurance Company was the workers' compensation carrier for Goulds Pumps, and ACE American Insurance Company was the carrier for ITT. Following the acquisition, ACE became the sole carrier for the employer.

In 2001, claimant filed an application for workers' compensation benefits for occupational hearing loss based upon his exposure to excessive noise during his employment. Following a hearing, the Workers' Compensation Law Judge found that the employer acquired actual notice of claimant's hearing loss and apportioned the underlying claim pursuant to Workers' Compensation Law § 49-ee between Goulds Pumps/Utica Mutual and ITT/ACE. The Workers' Compensation Board thereafter affirmed, and this appeal by the employer and Utica Mutual ensued.

We affirm. Under Workers' Compensation Law § 49-ee (1), "[t]he last employer in whose employment the employee was exposed to harmful noise . . . [is] liable for the payment of the total compensation due the employee for his loss of hearing caused by all of his employments in which he was exposed to harmful noise." Where the last employer seeks to apportion a potential claim, it must conduct a preplacement exam and notify

the claimant's former employer(s) within 90 days of the examination if a preexisting hearing loss is documented (see Workers' Compensation Law § 49-ee [2]). Although it is undisputed that ITT did not provide the employer with formal notice of claimant's hearing condition following the acquisition, we agree that the employer acquired actual knowledge thereof and, therefore, received the equivalent of notice under Workers' Compensation Law § 49-ee (2).

The record reveals that claimant underwent a series of tests administered by the employer's medical department beginning in 1977, which demonstrated a gradual loss in his hearing. A department nurse who treated claimant testified that the hearing loss was documented in claimant's medical records during the period of his employment, and that he periodically was urged by the employer to wear ear protection due to his deteriorating condition. She also noted that claimant's condition was recorded by OSHA in 1993 and that Utica Mutual was provided written notification of the claim. Moreover, the evidence showed that claimant was referred by the employer's medical personnel in 1993 to an ear, nose and throat specialist for treatment of his hearing loss. Accordingly, substantial evidence supports the Board's determination (see Matter of Lash v General Motors Corp., 285 AD2d 917, 919 [2001], lv denied 97 NY2d 606 [2001]; Matter of Stratta v North Am. Cement Corp., 42 AD2d 884, 885 [1973], affd 34 NY2d 783 [1974]). The employer and Utica Mutual's remaining contentions, to the extent they are properly before us, have been examined and found to be lacking in merit.

Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.