*27 OPINION OF THE COURT
Per Curiam.
Order dated March 3, 2004 affirmed, without costs.
The petition in this nonprimary residence holdover proceeding alleges that the subject premises, located at 248 Elizabeth Street, Manhattan, is subject to rent control. Tenant, while conceding the bona fides of landlord’s substantive nonprimary residence claim, asserted at trial that the storefront unit is not a “housing accommodation” as that term is defined (see NY City Rent and Rehabilitation Law [Administrative Code of City of NY] § 26-403 [e] [1]) and that, as a result, a residential holdover proceeding does not lie.
The jury’s finding that the demised premises is not a housing accommodation lacked a rational basis and was without evidentiary support. As the trial court appropriately recognized in setting aside the verdict:
“[Tenant] admitted that since 1967 he and others occupied the [unit] as a residence in which they slept and kept belongings . . . Photographs offered by [tenant] showed the unit fully decorated and equipped for daily living. Tenant admitted that the unit was used for sleeping, housing overnight guests, eating and other activities associated with a ‘residence’ or ‘sleeping place.’ The fact that [tenant] testified that he used the unit as a dancing and painting studio does not remove it from the broad category of residential housing accommodations. Moreover, the fact that [tenant] has to share common toilet facilities with other tenants does not remove it from the statutory definition.”
We note also that the unit, which undisputedly contains a sofa bed, dresser, refrigerator, stove, and shower, was equipped for residential use when tenant moved in, and that tenant himself acknowledged the residential nature of his tenancy in several prior court and agency proceedings, including a 1990 Division of Housing and Community Renewal harassment proceeding in which tenant alleged that he had “lived in the storefront apt. since 1967.” On this record, the court properly rejected as a matter of law the tenant’s claim that the unit does not qualify as a “housing accommodation,” a term broadly defined in the governing rent laws as “any building or structure, permanent or temporary, or any part thereof, occupied or *28 intended to be occupied by one or more individuals as a residence, home, sleeping place, boarding house, lodging house or hotel” (NY City Rent and Rehabilitation Law [Administrative Code of City of NY] § 26-403 [e] [1]; see U.B.O. Realty Corp. v Mollica, 257 AD2d 460 [1999]; see also Matter of Gracecor Realty Co. v Hargrove, 90 NY2d 350 [1997]).
We have considered and rejected tenant’s remaining arguments.
Suarez, EJ., Davis and Schoenfeld, JJ., concur.