■ JANET M. JOHNSON, Respondent, v ALLAN M. CHAPIN, Appellant. [900 NYS2d 59]—

Judgment, Supreme Court, New York County (Saralee Evans, J.), entered February 19, 2009, awarding plaintiff wife the total sum of $444,922.90 on her claim that defendant husband violated the divorce judgment by failing to timely fund her individual retirement account (IRA) and by failing to exercise certain stock options on her behalf, pursuant to an order, same court and Justice, entered January 29, 2009, which granted plaintiff's motion to confirm the report and recommendation of

a special referee, directed entry of judgment in accordance with the recommendation, and denied defendant's cross motion to reject the referee's report, unanimously affirmed, without costs. Appeal from the above order unanimously dismissed, without costs, as subsumed in the appeal from the above judgment.

The court properly confirmed the report of the referee, as its findings are supported by the record (*see Cooke v Flanagan*, 52 AD3d 257 [2008]; *Baker v Kohler*, 28 AD3d 375 [2006], *lv denied* 7 NY3d 885 [2006]). Defendant was in default of his obligation to exercise certain stock options for the benefit of plaintiff upon her proper demand, and the court properly confirmed the referee's recommendation rejecting defendant's claim that he was unable to exercise those options. Defendant waived his objection to the method of award for his failure to timely fund plaintiff's IRA outlined in the order of reference by not raising such an objection until his post-hearing findings of fact and conclusion of law (*see Hexcel Corp. v Hercules Inc.*, 291 AD2d 222, 222-223 [2002], *lv denied* 98 NY2d 607 [2002]; *Gottesman Bus. Brokers v Goldman Fire Prevention Corp.*, 238 AD2d 250 [1997]). Under the express terms of the divorce judgment, defendant, who did not fully comply with the relevant provisions until July 1, 2008, was not entitled to reductions in his life insurance benefits obligations for the years 2006 and 2007.

We have considered defendant's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Catterson, Moskowitz, Renwick and Richter, JJ.