Glebow Realty Assoc. v Dietrich (2023 NY Slip Op 51432(U))

[*1]

Glebow Realty Assoc. v Dietrich

2023 NY Slip Op 51432(U)

Decided on December 27, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 27, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

571117/23

Glebow Realty Associates, Petitioner-Landlord-Appellant, 
against
Martina Dietrich, Respondent-Tenant-Respondent, and "John Doe", "Jane Doe" and "XYZ Corp.", Respondents-Undertenants.

Landlord, as limited by its briefs, appeals from (1) so much of an order of the Civil Court of the City of New York, New York County (Sabrina B. Kraus, J.), dated January 21, 2020, which, sua sponte, directed an immediate hearing on tenant's affirmative defense that landlord knew of and acquiesced in tenant's residential use of the premises, and (2) a final judgment (same court and Judge), entered on or about February 11, 2020, after the hearing, which dismissed the petition in a holdover summary proceeding.

Per Curiam.
Final judgment (Sabrina B. Kraus, J.), entered on or about February 11, 2020, affirmed, with $25 costs. Appeal from order (Sabrina B. Kraus, J.), dated January 21, 2020, dismissed, without costs, as nonappealable and as subsumed in the appeal from the final judgment.
Civil Court properly dismissed this commercial holdover proceeding without prejudice to landlords' right to commence a new proceeding in the Housing Part of the Civil Court. The hearing evidence supports the court's conclusion that, despite the commercial nature of the parties' written lease agreement, landlord knew of and acquiesced in tenant's residential use of the loft premises, thus warranting dismissal of this proceeding commenced in the Commercial Part (see CCA 110[a][5]; Uniform Rules for NY City Civ Ct [22 NYCRR] § 208.42[a]; U.B.O. Realty Corp. v Mollica, 257 AD2d 460 [1999]). In addition to using the premises to design and make couture clothing, the credited evidence established that tenant lived in the premises since April 2016; furnished the premises with a dining room table, bed and television; that landlord installed a shower, stove and refrigerator, while tenant installed a sink and countertop with landlord's consent; and that landlord's agent entered the premises, a 30' x 30' open space, approximately twenty times, primarily because of a series of leaks. The hearing court, which was in the best position to assess the credibility of the witnesses, credited the testimony of tenant and [*2]her witnesses and discounted the testimony of the landlord's agent who, according to the court, did "not testify[] truthfully, or was confused about the facts surrounding [tenant's] tenancy" (see Second 82nd Corp. v Veiders, 146 AD3d 696 [2017]). 
The portion of Civil Court's January 21, 2020 order directing an immediate trial, pursuant to CPLR 409(b) and CPLR 3212(c), on the issue of landlord's knowledge and acquiescence, was issued sua sponte and therefore is not appealable as of right (see CPLR 5701[a][2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]). Landlord could have moved before the trial court to vacate the sua sponte order, and appeal as of right from any subsequent denial of that motion (CPLR 5701[a][2], [3]). Landlord not only failed to move to vacate the sua sponte order, but readily participated in the immediate trial without raising an objection to the procedure. "[Landlord] should not be able to have participated fully in the ... hearing, without registering an objection thereto, apparently hoping to obtain a favorable recommendation, and then objecting when the [Court] did not see the facts as hoped" (Gottesman Bus. Brokers v Goldman Fire Prevention Corp., 238 AD2d 250 [1997]; see HSBC Bank USA, N.A. v Corazzini, 148 AD3d 1314, 1315 [2017], lv dismissed 29 NY3d 1040 [2017]). 

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 27, 2023